PETER HEMMERLING, ALIAS FRED MILLER

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. STATUTE OF LIMITATIONS—*unliquidated claims must be filed within two years from accrual.* "* * * Hereafter all unliquidated claims against the State shall be proved up and filed as above, within two years from the time such claim may have arisen; and any claim not presented and proved up as above and filed, shall be forever barred from payment by the State." Hurd's Rev. Stat., 1913, chap. 83, par. 31, p. 1578.

2. SAME—*exceptions to general statute.* "If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed." Hurd's Rev. Stat., 1913, chap. 83, par. 21, p. 1577.

3. SAME—*exceptions—none as to claims against State.* There are no exceptions to the running of the Statute of Limitations in the Court of Claims.

4. STATUTORY CONSTRUCTION—*special statute on subject will prevail over general.* The first quoted statute is special and the second general, and it is a rule of statutory construction that "the special mention of one thing, indicates that it was not intended to be covered by a general provision which would otherwise include it."

5. GOVERNMENTAL FUNCTION—*State in conducting penitentiaries exercises.* The State in conducting its penitentiaries exercises a governmental function, and is not liable for injuries sustained by convicts in such penitentiaries.

6. PRACTICE—*Court of Claims not a court of review.* The Court of Claims is not a court of review, and it cannot decide whether a commitment to the penitentiary is faulty or not.

7. NON-LIABILITY OF STATE—*State not liable for loss of time by convict.* The State is not liable for loss of time by a convict who may have been erroneously sentenced to prison.

8. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* does not apply to the State.

E. W. Austin and William Chones, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State:

Statutes of Limitation are regarded as statutes of repose, not of presumption.

*Sibert* v. *Wilder,* 16 Kan., 176, 22 Am. Rep., 280; *Dwight* v. *Clark,* 7 Mass., 515; *Spuryer* v. *Hardy,* 4 Mo. App., 573.

It is within the power of the legislature to fix the period within which actions shall be brought, without making any exceptions.

> *Lewis* v. *Pawnee Bill's Wild West Show Co.,* 6 Penn. (Del.), 316, reported in 16 Am. & Eng. Ann. Cas., 903.

Imprisonment of the claimant is not a disability unless excepted in the statute.

25 Cyc., 1264; *Bledsoe* v. *State,* 1 Baxt. (Tenn.), 312; *Tallman* v. *Mutual Fire Ins. Co.,* 27 U. C. Q. B., 100; *Turner* v. *Shearer,* 6 Gray. (Mass.), 427.

Where there are general Statutes of Limitation containing certain exceptions, and special Statutes of Limitation containing no exceptions, in construing such special statutes, the same will be construed to contain no exceptions, even though the general statutes may include the subject-matter contained in the special statute.

*Lewis* v. *Pawnee Bill's Wild West Show Co., supra; Warfield* v. *Fox,* 53 Pa. St., 382; *Peterson* v. *Del. River Ferry Co.,* 190 Pa. St., 364, 42 At. Rep., 955; *Spees* v. *Boggs,* 204 Pa. St., 504, 54 Atl. Rep., 346; *Morgan* v. *Des Moines,* 60 Fed., 208, 19 U. S. App., 593, 8 C. C. A., 569; *McIver* v. *Ragan,* 2 Wheat., 25, 4 U. S. (D. Ed.), 175; *Vance* v. *Vance,* 108 U. S., 514; *Amy* v. *Watertown,* 130 U. S., 320; *Madden* v. *Lancaster Co.,* 65 Fed., 188; *Aekiss* v. *Satchell,* 104 Va., 700, 52 S. E., 378; *Walker* v. *U. S.,* 139 Fed., 409; *Id.,* 148 Fed., 1022.

The doctrine of *respondeat superior* does not apply to the State.

*Schmidt* v. *State,* 1 Court of Claims Rep., 76; *Pryor* v. *State,* 1912 Court of Claims; *Alexander* v. *State,* 1 id., 214; *Brewster* v. *State,* 1 id., 215; *Ross* v. *State,* 1 id., 175; *Belt* *v. *State,* 1 id., 266; *Wallace* v. *State,* 1 id., 268; *Fisher* v. *State,* 1 id., 270; *Johnson* v. *State,* 1 id., 208; *Jorgensen* v. *State,* 1911 Court of Claims; Story on Agency, sec. 319-322; *Alamango* v. *Supervisors of Albany Co.,* 25 Hun., 551; *Hill* v. *Boston,* 122 Mass., 344; *Gibbons* v. *U. S.,* 8 Wall., 269; *U. S.* v. *Kirkpatrick,* 9 Wheat 720; *Lewis* v. *State of N. Y.,* 96 N. Y., 71; *Sipple* v. *State,* 99 N. Y., 284; *Clodfelter* v. *State,* 86 N. C., 51; *State* v. *Hill,* 54 Ala., 67.

Claimant, a resident of Chicago, was convicted on January 19, 1901, in the criminal court of Cook County, of the crime of rape and sentenced to the penitentiary at Joliet. He was paroled on August 10, 1911, and discharged on May 13, 1912.

While in the penitentiary, on December 9, 1903, he was put to work on a shaper machine used in shaping chair-seats, which he alleges was defective and out of order, as a result of which, he received an injury to his right hand, consisting of the amputation of the first finger, and stiff joints in the second and third fingers. He alleges that the State, through its agent, had knowledge of the defective condition of the machine, a failure in the duty in inspection and repair and keeping the same in safe condition; that he himself did not know of such condition, and was in the exercise of due care for his own safety at the time. In a statement, claimant claims damages for injury thus sustained in the amount of five thousand dollars. He also claims that he was improperly sentenced to the penitentiary, in that, the verdict of the jury did not fix any time of imprisonment and, that the trial judge sentenced him in accordance with the terms of the verdict, and that it was the duty of the jury to fix the term. For loss of time at seventy-five dollars per month, he claims nine thousand four hundred fifty dollars.

The State sets up as a defense, that the claim for injuries is barred by the Statute of Limitations; that the doctrine of *respondeat superior* does not apply, and also that there is no liability on the State for the alleged error in the matter of imprisonment.

It is provided in the statute that "hereafter all unliquidated claims against the State shall be proved up and filed as above within two years from the time such claim may have arisen, and any claim not presented and proved up as above and filed, shall be forever barred from payment by the State." Revised Statutes, 1913, chapter 83, paragraph 31. In paragraph 21 of chapter 83 it is provided, "if the person entitled to

bring an action mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female within the age of eighteen years, or insane, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed.'' The last quoted section of the statute has reference to the general law with relation to limitation of personal actions, and would apparently by express terms exclude the first quoted section which is not included within the ''nine preceding sections,'' but appears in an entirely independent Act of the legislature. The last quoted section is general in its terms, and the first quoted is particular. It is a rule of statutory construction that ''the special mention of one thing indicates that it was not intended to be covered by a general provision which would otherwise include it,'' and ''where there is in the same statute a particular enactment, and also a general one, which, in its most comprehensive sense would include what was embraced in the former, the particular enactment must be operative and the general enactment must be taken to affect such cases within its general language as are not within the provisions of the particular enactment.'' *C. & N. W. Ry. Co.* v. *City of Chicago,* 148 Ill., 159.

We are of the opinion, that paragraph 31 of the Statute of Limitations, as above quoted, applies to the case at bar, and that the claim for personal injuries is barred.

The decision of this point disposes of the other point raised as a defense, with reference to the liability of the State for the negligence of its agents, but the question has been decided so many times in this Court adversely to the contention of claimant here, that it will suffice to say in this case, that the State, exercising governmental functions solely in the conduct of the penitentiary, as it does, can not be held to respond in damages for injuries sustained by convicts.

The decision of the former questions does not decide the remaining question, however. This Court is not a court of review in any sense, and whether or not the commitment to the penitentiary was in any way faulty, is not for this Court to decide. This was a point which could have been raised by appropriate action in a court of general jurisdiction, and we must take the finding of the circuit court as final and conclusive. Claimant himself does not urge the point seriously, however, because the proof to support it is lacking.

In addition to what has been said, it may be also stated that the State cannot be held liable for loss of time of a convict who may have been erroneously sentenced or imprisoned.

It is the judgment of this Court that the claim be rejected.